In the Matter of the GUARANTEED MORTGAGE COMPANY OF NEW YORK. (Premises No. 80 Riverside Drive, Borough of Manhattan, City of New York.)

Supreme Court, Additional Special Term, New York County, May 23, 1938.

*George L. Livingston* [*Herbert A. Einhorn* on the brief], for the Superintendent of Banks of the State of New York, for the motion.

*Maurice Finkelstein* [*Raymond A. Tierney, Louis A. Timberg* and *Rubin Mazel* on the brief], for the State Mortgage Commission, opposed.

*Albert W. Fribourg* [*Louis M. Fribourg* on the brief], for promulgating certificate holders, intervenors, opposed.

FRANKENTHALER, J. The Superintendent of Banks concedes " that the interest of the Guaranteed Mortgage Company in the mortgage is subject and subordinate to the investment held by certificate holders other than the company," in the event of a default by the latter on its guaranty. He contends, however, that the company is not in default on its guaranty and that, therefore, the company, by reason of its retained equity, is entitled to share *pro rata* with certificate holders. The answer to the Superintendent's claim is that the company has been and is in default on its guaranty. The bond and mortgage matured on January 2, 1932. The provision of the plan of reorganization that the guaranty " shall be continued for the extended period of the mortgage, but the amount of interest guaranteed to certificate holders shall be the amount provided in the agreement with the owner, minus the service charge mentioned above," did not postpone the right to enforce the guaranty until the extended date of the mortgage. It merely retained the obligation of the guaranty in an amount slightly less than that for which the company would be bound in the absence of the express provision in the plan (*i. e.*, less by the difference between the rate of interest specified in the original bond and mortgage and the rate provided for in the extension of the bond and mortgage, minus services charges). The company's default on the guaranty was not cured by the above-quoted provision of the plan. The default persisted and continues to persist. It follows that the retained equity of the company is subordinate to the rights of certificate holders.

The motion to compel the Mortgage Commission to account for and pay over to the Superintendent of Banks such funds as have been held by the Commission on account of the retained equity of the company is denied.